FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Dec 30, 2024**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN H., | No. 1:24-CV-03082-ACE |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | **ECF Nos. 10, 13** |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 10, 13. Attorney Christopher H. Dellert represents Plaintiff; Special Assistant United States Attorney Thomas E. Chandler represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits in March 2018, alleging onset of disability on October 1, 2016,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Tr. 243, and November 1, 2017, respectively. Tr. 241. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Chris Stuber held a hearing on July 7, 2020, Tr. 36-61, and issued an unfavorable decision on July 21, 2020, Tr. 19-30. At the hearing, Plaintiff's representative clarified that Plaintiff was alleging disability since January 2, 2017. Tr. 19, 40, 270.

The Appeals Council denied Plaintiff's request for review on December 8, 2020, Tr. 5-8, making the ALJ's decision the Commissioner's final decision for purposes of judicial review, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). After being granted additional time, Tr. 1-4, Plaintiff filed this action for judicial review on May 31, 2024, ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the

ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On July 21, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 19-30.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through December 31, 2021, had not engaged in substantial gainful activity since the alleged onset date, January 2, 2017. Tr. 21.

///

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, status post fusion; failed back syndrome; and depressive disorder. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform sedentary work, with the following limitations:

> [Plaintiff] is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk about 4 hours in an 8-hour workday and can sit about 6 hours (with the need to stand briefly to adjust, about once per hour for about 2 minutes). He can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. He can occasionally stoop, kneel, and crouch but should never crawl. He can have only occasional exposure to excessive vibrations, hazardous machinery, and unprotected heights. He can understand, remember, and carryout simple, routine instructions with only occasional decision-making and occasional changes in the work environment. He is able to have brief and superficial interactions with the public.

Tr. 23.

At step four, the ALJ found Plaintiff was not able to perform any past relevant work. Tr. 28.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of document scanner, mail clerk, and collater operator. Tr. 29-30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, January 2, 2017, through the date of the decision, July 21, 2020. Tr. 30.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff asserts the ALJ erred in the consideration of his allegations about the impact of his physical impairments on his ability to engage in work activities on a regular and continuing basis. ECF No. 10 at 1.

## DISCUSSION

Plaintiff contends the ALJ erred by improperly assessing his subjective limitations. ECF No. 10 at 6-17. Defendant argues substantial evidence supports the ALJ's assessment of Plaintiff's subjective complaints. ECF No. 13 at 2-11.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews,* 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Ultimately, the 'clear and convincing' standard requires an ALJ to show [their] work[.]"). Thus, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony. *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 24.

*1. Objective Medical Evidence*

With respect to the ALJ's analysis of Plaintiff's subjective complaints, the ALJ first determined that Plaintiff's description of pain was inconsistent with the observations of providers, objective images, and examination findings. Tr. 24-26.

An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-347 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir. 2005). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

Here, with respect to Plaintiff's physical condition, the ALJ noted several medical records and imaging results that were inconsistent with Plaintiff's allegations of disabling pain. Tr. 25-26 citing Tr. 370, 394-395, 399, 471, 473, 476-478, 479-481, 500, 502-504, 607-611, 653.

Plaintiff underwent an L5-S1 lumber fusion surgery on March 6, 2017. On March 13, 2017, Plaintiff presented after a fall resulted in increased back pain; however, Plaintiff denied numbness, tingling or weakness. Tr. 25, 394-395. A lumbar spine CT revealed intact posterior changes at L5-S1 with intact hardware. Tr. 25, 399. A May 2017 MRI of Plaintiff's lumbar spine showed no evidence of spinal stenosis or neural foraminal compromise. Tr. 370. A follow up

examination on May 31, 2017, indicated Plaintiff was doing better; reported no numbness, tingling or weakness; was in no acute distress; and ambulated with a normal gait and station. Tr. 25, 471. On June 26, 2017, Plaintiff again reported doing well and being more active. Tr. 473. He used pain medication on occasion but had stopped for the most part and declined refills. *Id*. He was in no acute distress and ambulated with a normal gait and station. *Id.* On August 11, 2017, and October 4, 2017, Plaintiff complained of experiencing low back pain after starting a new job that required him to sit for long periods of time. Tr. 476-477. Nevertheless, it was noted that Plaintiff appeared in no acute distress and displayed full strength and intact sensation. *Id*.

Plaintiff was seen by Michael A. Chang, M.D., on November 13, 2017. Tr. 479-481. Plaintiff exhibited generally mild findings with active pain free range of motion of the upper and lower extremities and normal gait. Dr. Chang noted Plaintiff displayed no evidence of implant loosening, failure, or stenosis and stated there was no indication for surgical intervention at that time. Tr. 481. On December 21, 2017, Plaintiff presented to Michael S. Mullin, D.O., with pain, numbness, weakness and tingling; however, the exam revealed Plaintiff was in no acute distress and appeared well, his range of motion was within functional limits, and he had 5/5 strength and normal sensation. Tr. 500. Nerve conduction studies were within normal limits. Tr. 503.

On September 17, 2018, Plaintiff underwent a consultative examination with William Drenguis, M.D. Tr. 607-611. Although Plaintiff displayed a reduced lumbar range of motion on exam, he otherwise had normal range of motion of the upper and lower extremities and had 5/5 strength in all major muscle groups of the upper and lower extremities. *Id*. A January 29, 2020 MRI of the lumber spine showed no acute findings, posterior fusion at L5-S1, and right lateral recess disc protrusion at L1-2. Tr. 653. There was no evidence of central canal stenosis at any level. *Id*.

Based on the foregoing, the Court finds the objective medical evidence of record, as thoroughly analyzed by the ALJ, Tr. 25-26, does not support the severity of Plaintiff's alleged physical symptoms and limitations. This was a valid, clear and convincing reason to give little weight to Plaintiff's subjective complaints.

    2. *Drug Seeking Behavior*

The ALJ also discounted Plaintiff's symptom claims based on "some drug seeking behaviors." Tr. 26.

An ALJ may consider evidence of a claimant's drug-seeking behavior when assessing claimant's allegations of disabling pain. *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020) (noting that evidence of drug-seeking behavior rationally supports a finding that complaints of pain were exaggerated); *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (ALJ properly considered drug-seeking behavior).

On August 21, 2018, Carlin R. Miller, D.O., noted Plaintiff endorsed chronic pain (recent exacerbation after going fishing) and reported taking pain medication without much relief. Tr. 26, 644. Dr. Miller opined that the level of Plaintiff's problem was dependence on narcotics. Tr. 26, 645. On April 30, 2019, Dr. Miller noted Plaintiff had an abnormal pill count, missed a visit, and showed up late to another. Tr. 26, 629. Dr. Miller indicated this "raised red flags in my mind" which Plaintiff acknowledged was legitimate. Tr. 629. Plaintiff requested an increased level of narcotics. *Id*. Dr. Miller wrote that Plaintiff's recent behavior raised concerns regarding reliability. Tr. 26, 630. On August 15, 2019, Dr. Miller noted Plaintiff reported his pain level had increased marginally. Tr. 26, 627. Plaintiff requested an increased amount of narcotics, but Dr. Miller "really [did] not want to give him more." Tr. 26, 628.

Given the foregoing medical records demonstrated Plaintiff sought and misused pain medication, the ALJ's finding that Plaintiff had engaged in drug-seeking behavior during the relevant time period is at least a rational interpretation

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

of the evidence. Tr. 26. While Plaintiff offers an alternative interpretation of the evidence, ECF No. 10 at 13-15, the Court finds the ALJ's interpretation is reasonable and supported by substantial evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) ("If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner."). Accordingly, the Court finds that the ALJ's reference to some drug seeking behavior was an additional clear and convincing reason to discount Plaintiff's symptom claims.

   *3. Activities of Daily Living*

The ALJ also determined Plaintiff's activities of daily living show that he is more functional than alleged. Tr. 26.

An ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins*, 261 F.3d at 857. If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair*, 885 F.2d at 603; *Molina v. Astrue,* 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.902(a). "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13. "Only if the level of activity is inconsistent with Claimant's claimed limitations" do daily "activities have any bearing on Claimant's credibility." *Ferguson,* 95 F.4th at 1203 (quoting *Reddick*, 157 F.3d at 722).

Here, the ALJ found Plaintiff's activities of daily living demonstrated he was more functional than he alleged. Tr. 26. The ALJ noted that, during the relevant time period, Plaintiff had gone fishing and enjoyed it, Tr. 565; reported he

was able to teach a stick fight class without back pain, Tr. 561; was able to teach 2-3 hour martial arts classes without issue, Tr. 537, 543, 551, 555; had helped his son fix his motorcycle, Tr. 543; and had worked from home on a computer, Tr. 551, and otherwise sat long durations at his computer, Tr. 537.  Tr. 26.

Plaintiff erroneously argues that "the flaw in the ALJ's reasoning" is that all of the activities the ALJ cited took place in May and June 2017 and he alleged disability beginning November 1, 2017.  ECF No. 10 at 16.  Although Plaintiff's applications for Supplemental Security Income and Disability Insurance Benefits allege different disability onset dates, Plaintiff's representative clarified at the administrative hearing that Plaintiff was alleging disability since January 2, 2017.  Tr. 19, 40, 270.  Contrary to Plaintiff's assertion, all activities cited by the ALJ occurred during the relevant time period in this case.

The Court finds that Plaintiff's activities during the relevant time period, as discussed above, were not consistent with his allegations of totally disabling symptoms.  This was another clear and convincing reason, supported by substantial evidence, to discount Plaintiff's symptom claims.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review.  42 U.S.C. § 405(g).  After reviewing the record, and based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case.  Plaintiff is thus not entitled to a remand.

///

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's motion to affirm, **ECF No. 13**, is **GRANTED**.

2. Plaintiff's motion to reverse, **ECF No. 10**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED December 30, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE